## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**DAVID SLONE, et al.,**

        **Plaintiffs,**

**-vs-**                                         **Case No.  1-:03-CV-211**

**FIFTH THIRD BANCORP, et al.,**

                                                  **Judge Thomas M. Rose**

        **Defendants.**

---

**ENTRY AND ORDER OVERRULING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND (Doc. #131) AND GIVING LEAD PLAINTIFF UNTIL NOT LATER THAN TEN (10) DAYS FOLLOWING ENTRY OF THIS ORDER TO SUBMIT A REVISED MOTION**

---

Now before the Court is Lead Plaintiff's Unopposed Motion for Distribution of Class Settlement Fund (the "Motion")[1]. (Doc. #131.) Therein the Lead Plaintiff seeks a Court Order approving the administrative determinations of The Garden City Group ("GCG"), directing distribution of the Net Settlement Fund and authorizing the destruction of certain claim's records.

This matter is a Class Action lawsuit against Fifth Third Bancorp, Deloitte & Touche and certain individual defendants on behalf of all persons who purchased or acquired securities issued by Fifth Third Bancorp between September 24, 2001, and January 31, 2003. The Parties involved have agreed to a Settlement that has been approved by the Court. The Lead Plaintiff now seeks a distribution order.

---

[1]This Motion was filed on March 14, 2008.

The Motion seeking the distribution order raises the following issues. The issues are identified under the headings set forth in the Motion.

### "Claims Administration"

Lead Plaintiff seeks an order directing that no claim be accepted for any reason whatsoever after November 12, 2007. In this regard, the Affidavit of Stephen J. Cirami ("Cirami Aff."), who is the Vice President of Operations for GCG, indicates that acceptance "of any claim received after the date of this application would unnecessarily increase the costs of the administration and could require a delay in the distribution." (Cirami Aff. ¶ 17.) Cirami, however, does not identify "the date of this application" and his Affidavit was made on March 13, 2008. Therefore, while the Court recognizes the need to pay the Claimants as soon as possible, it has yet to be given a reason for the November 12, 2007 cutoff date.

### "Distribution of Net Settlement Fund"

The Motion requests that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the submitted claims from any and all claims that may be brought against them. However, no reason for doing so nor legal support therefore is provided. Further, based upon the exhibits to the Cirani Aff., it would appear that GCG has already been well compensated for the various claim processing activities. Finally, the Court is unable to find such a release in the Settlement Agreement. Therefore, the Court will decline to release and discharge such persons unless an acceptable reason for doing so is provided.

"Disposition Of Any Unclaimed/Uncashed Balance"

The Motion sets forth a procedure for the disposition of any unclaimed/uncashed payments to Claimants. The Motion further indicates that any funds remaining after a re-distribution of settlement funds will be contributed to non-sectarian, not-for-profit organization(s) designated by Lead Plaintiff's Counsel. While the Court agrees generally with the proposed distribution plan, any distribution of funds remaining after the proposed re-distribution must be upon prior approval by this Court.

Conclusion

Based upon the aforementioned issues, Lead Plaintiff's Unopposed Motion for Distribution of Class Settlement Fund is not well founded. It is, therefore, OVERRULED. Further, Lead Plaintiff must resubmit its Motion giving consideration to the issues raised above. Finally, because the Court recognizes that the Claimants have waited long enough to receive their payments, Lead Plaintiff is given until not later than ten (10) days following entry of this Order to submit a revised unopposed motion for distribution of class settlement fund and a new proposed order regarding the distribution of the Class Settlement Fund.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Sixth day of March, 2008.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record