# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

|  |  |  |
|---|---|---|
| DAVID SLONE, et al., | ) | Consolidated Case No. 1:03cv211 |
|  | ) |  |
| Plaintiffs, | ) | Judge Thomas M. Rose |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| FIFTH THIRD BANCORP, et al., | ) |  |
|  | ) |  |
| Defendants | ) |  |

### ORDER Re:  DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS**, on November 14, 2005, this Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement dated March 29, 2005 (as amended by the Amendment to Stipulation dated May 10, 2005 and the Second Amendment to Stipulation dated August 12, 2005) (the "Stipulation") and the Plan of Allocation; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

**WHEREAS**, this Court has retained jurisdiction of the above-captioned action (the "Action") for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proof of Claim and Release forms and the distribution of the Net Settlement Fund to the Authorized Claimants, and

**WHEREAS**, Plaintiffs filed Plaintiffs' Unopposed Motion for Distribution of Class Settlement Fund, and this Court has issued its "Entry and Order Overruling Plaintiffs' Unopposed Motion for Distribution of Class Settlement Fund (Doc. #131) And Giving Lead

Plaintiff Until Not Later Than Ten (10) Days Following Entry of This Order To Submit a Revised Motion" (the "March 26 Order").

NOW, THEREFORE, upon reading and filing Plaintiffs' Revised Unopposed Motion for Distribution of Class Settlement Fund and Plaintiffs' Supplemental Memorandum of Law In Support Of Plaintiffs' Revised Unopposed Motion for Distribution of Class Settlement Fund, and upon all prior proceedings herein and after due deliberation, it is hereby

ORDERED, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Stephen J. Cirami, including claims submitted after August 31, 2005 through and including November 12, 2007[1], be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Stephen J. Cirami be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Stephen J. Cirami in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout and that the initial distribution of the Net Settlement Fund be completed not later than thirty (30) days following entry of this Order; and it is further

---

[1]This is the date requested by Lead Plaintiff's Counsel. The alleged injury occurred between September 24, 2001 and January 31, 2003. The approved cutoff date for submitting claims was August 31, 2005. The Lead Plaintiff's Counsel and the Claims Administrator have been paid for their services. There has been no explanation as to why the Motion for Distribution was not filed until March 14, 2008.

**ORDERED**, that the payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take reasonable action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then subject to the prior approval of this Court, such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Lead Counsel; and it is further

**ORDERED**, that all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement

Fund or the released persons beyond the amount allocated to them pursuant to this Order[2], and it is further

      **ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

      **ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

      **ORDERED**, that no claim submitted after November 12, 2007 may be accepted for any reason whatsoever.

      **DONE** and **ORDERED** in Dayton, Ohio, this  Fourteenth day of April, 2008.

                              **s/Thomas M. Rose**

                                _____
                                THOMAS M. ROSE
                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2]The Court declines to discharge "all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund" from "any and all claims arising out of such involvement." The Court has been given no reason why claims against such persons for work for which they have already been paid would be against the Settlement Fund or Net Settlement Fund as opposed to being claims against the individuals or business entities who performed the work.